OPINION
Plaintiff-appellant Leo G. Kohls appeals the December 8, 1997 Entry of the Perry County Court of Common Pleas granting summary judgment in favor of defendant-appellee Angela Morosko.
 STATEMENT OF THE FACTS AND CASE
In 1996, appellant was a candidate in the Republican Primary for Perry County Commissioner. Appellee prepared and purchased an advertisement, which was published in the Tribune Shopping News on March 17, 1996. The advertisement reads as follows:
 Leo Kohls is running for Perry County Commissioner. After reading a letter Mr. Kohls is circulating I felt compelled to make a statement. Mr. Kohls talks about spending tax dollars wisely. He has championed himself as an advocate for citizens and taxpayers. Yet in a settlement with the Perry County Board of MR/DD in which the Board noted a violation of the way a business meeting was conducted, Mr. Kohls agreed to accept $265,000.00 of your tax dollars to drop his suits against the Board. The Board is not the first entity that Mr. Kohls has sued or threatened to sue. A secretary was verbally assaulted and threatened with a law suit when she did not immediately deliver a message to her employer from Mr. Kohls, but politely offered to do so at the end of a business meeting. Mr. Kohls has also threatened to sue others, citing Ohio Revised Code. Yet upon checking the Code cited, it has been found to have no relation to the issue at hand.
 Mr. Kohls wrote to the Ohio Civil Rights Commission stating his national origin as German. In his letter he states that he was born in Poland.
 Some county employees fear Mr. Kohls disposition as he visibly loses self-control, erupting into anger and shouting in their places of employment.
 Mr. Kohls states in his letter he will not allow tax dollars to be used for personal gain. The tax-free $265,000.00 in MR/DD funds that Mr. Kohls will receive could provide 88,000 hours of respite for families with children with disabilities. It could provide homes for persons with disabilities who are currently living in residential care facilities. It could provide supports for people to live, work and play in their community. But it won't. It will be in Mr. Kohls pocket.
 Paid for by Angela Morosko 7715 SR 345 NE, Roseville, Ohio 43777
Subsequently, on March 17, 1997, appellant filed a complaint in the Perry County Court of Common Pleas alleging the statements in appellee's advertisement were false and defamatory. Upon completion of discovery on November 5, 1997, appellee filed a Motion for Summary Judgment. On November 24, 1997, appellant filed a memorandum in opposition. Via Entry dated December 8, 1997, the trial court granted appellee's motion. It is from this entry appellant appeals.
Although appellant's Brief to this Court fails to include a statement of his assignment of error presented for review pursuant to App.R. 16, we extrapolate the following as said statement of:
 THE TRIAL COURT FAILED TO FOLLOW THE STANDARD OF REVIEW IN FIRST AMENDMENT DEFAMATION ACTIONS, AS IN ALL SUMMARY JUDGMENT CASES, IS WHETHER THE RECORD, CONSTRUED IN A LIGHT MOST FAVORABLE TO THE PARTY AGAINST WHOM THE JUDGMENT HAS BEEN ENTERED, DEMONSTRATES THERE ARE GENUINE ISSUES OF FACT WHICH, IF PROVEN, WOULD SUPPORT A JURY VERDICT FOR THAT PARTY.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
 I
In his sole assignment of error, appellant contends the trial court erred in granting summary judgment in favor of appellee when genuine of issues of material fact exist.
Defamation has been defined as a false publication causing injury to a person's reputation, or exposing him to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession. Matalka v.Lagemann (1985), 21 Ohio App.3d 134, syllabus paragraph one. In addition, if the allegedly defamatory statement involves a public official, a plaintiff must prove the defendant spoke with actual malice. New York Times Co. v. Sullivan (1964) 376 U.S. 254,285-6; Scott v. News-Herald (1986), 25 Ohio St.3d 243. The term "actual malice" has been defined by the Ohio Supreme Court as follows:
 Actual malice may not be inferred from evidence of personal spite, ill-will or intention to injure on the part of the writer. Rather, the focus of the inquiry is on the defendant's attitude toward the truth or falsity of the publication and a public official may recover only upon clear and convincing proof of actual malice. There must be a showing that false statements were made with a "high degree of awareness of their probable falsity." (Citations omitted).
 Dupler v. Mansfield Journal Co., Inc. (1980), 64 Ohio St.2d 116, 119.
Appellant constituted a public figure at the time the allegedly defamatory statements were made because he was candidate for public office. Mastandrea v. Lorain Journal Co. (1989),65 Ohio App.3d 221, 224. Consequently, in addition to the elements of defamation outlined in Matalka, supra, appellant is also required to demonstrate the existence of "actual malice" on the part of appellee in order to survive summary judgment.
Upon review of the record, we find appellant has failed to set forth evidentiary quality materials demonstrating the allegedly defamatory statements in appellee's advertisement regarding appellant's fitness as a candidate for public office were made with "actual malice", i.e., "a high degree of awareness of their probable falsity." Dupler, supra; Yiamouyiannis v. Lowe
(Jan. 3, 1997), Delaware App. 96CAE-05-024, unreported. Accordingly, we find the trial court did not err in awarding summary judgment in appellee's favor.
Appellant's sole assignment of error is overruled.
The judgment entry of the Perry County Court of Common Pleas is affirmed.
By: Hoffman, J., Farmer, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to appellant.